UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:14-cr-7-1 |
|  | ) |  |
|  | ) |  |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
|  | ) |  |
| vs. | ) |  |
|  | ) | MEMORANDUM OPINION |
|  | ) | AND ORDER |
| GARLAND V. PHELPS, JR., | ) |  |
|  | ) |  |
|  | ) |  |
| DEFENDANT. | ) |  |

On November 21, 2014, defendant Garland V. Phelps, Jr. ("Phelps") was sentenced to a term of 200 months imprisonment, following his guilty pleas to conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1) & 841(b)(1)(A); one count each of distribution of methamphetamine and crack cocaine, and four counts of distribution of heroin, all in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C). (Doc. No. 405 (Judgment); *see* Minutes of Proceedings [non-document], 11/21/2014; Doc. No. 244 (Plea Agreement); *see also* Doc. No. 1 (Indictment).)[1] Now before the Court is Phelps's *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. (Doc. No. 747 (Motion); *see* Doc. No. 748 (*Pro Se* Supplement).) Appointed counsel filed a notice of intent to not supplement Phelps's *pro se* motion

---

[1] The Court's judgment provided that Phelps's sentence was to run concurrent with his undischarged sentences in Summit County Common Pleas Court cases 2013-02-0424 and 2013-11-3101. (*See* Doc. No. 405, at 3 (All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.).)

(Doc. No. 749 (Notice)), and the government filed an opposition to the motion. (Doc. No. 753 (Response).)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the federal sentencing guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 826, 130 S. Ct. 2683, 177 L. Ed. 2d 271 (2010) (citing § 3582(c)(2)).

In his motion, Phelps inquires as to whether the "New Sentencing Commission Report that went into effect Nov. 1, [20]23 . . . appl[ies] to [his] case." (Doc. No. 747, at 1.) The Court construe's Phelps's inquiry as relating to Part A of Amendment 821, which now appears in the guidelines at § 4A1.1(e) and limits the criminal history impact of "status points," decreasing them by 1 point for individuals with 7 or more criminal history points and eliminating status points for those with 6 or fewer criminal history points. *See* U.S.S.G. § 4A1.1(e). The Amendment was given retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* § 1B1.10(e)(2) (Nov. 1, 2023).

At the time of sentencing, the Court calculated Phelps's base offense level to be 43. (*See also* Doc. No. 404 (Final PSR), at 15 ¶ 62.) After the appropriate adjustments were applied—including a 2-level enhancement for possessing a firearm, a 2-level enhancement for Phelps's role as an organizer, a 3-level reduction for acceptance of responsibility, and other adjustments contemplated by the parties (*see* Doc. No. 426, at 4 and 8)—the resulting offense level was 39. (*See also id*. at 15–16 ¶¶ 63–71 (citing Ch. 5, Part A, comment n.2 (reducing offense levels in

2

excess of 43 to 43)).) Phelps had a prior conviction for possession of cocaine, which scored 3 criminal history points. (Doc. No. 427 (Transcript of Sentencing Hearing)[2], at 4; *see also* Doc. No. 404, at 19 ¶ 84.) Two more points were added because Phelps was under a criminal justice sentence in state court at the time of the offense. (Doc. No. 427, at 4; s*ee also* Doc. No. 404, at 22 ¶ 93.) With a total of 5 criminal history points, the guidelines dictated that he was a criminal history category III. (Doc. No. 427, at 4.) The advisory guideline range for an offense level of 39 and a criminal history category of III was 324–405.[3] Nevertheless, the Court accepted the parties' recommendations and considered, consistent with the plea agreement, varying downward to a significantly lower sentencing range of between 168 and 210 months.[4] (Doc. No. 427, at 8, 23.) After considering the arguments of counsel and the sentencing factors set forth in § 3553(a), the Court imposed a sentence within that range of 200 months. (*Id*. at 23.)

Phelps's motion to reduce his sentence is denied because the Amendment would have no effect on his sentence. Reducing his criminal history points by 2, Phelps would become a criminal history category II. With an offense level of 39 and a criminal history category of II, the amended guideline sentencing range is 292–365 months. The sentence of 200 months of imprisonment that the Court imposed is well below the newly-calculated range. Thus, Phelps's reduced criminal

---

[2] At sentencing, the Court determined that the Final PSR erroneously scored Phelps's criminal history points, and, in doing so, inaccurately determined Phelps to be a career criminal designation. (*Id*. at 4–5.) With the exception of this error, and since there were no other objections to the Final PSR, the Court otherwise adopted the calculations as set forth in the report. (*Id*. at 5.)

[3] The Court's calculation of the advisory guideline sentencing range at the time of sentencing is found at Doc. No. 426 at 6–9.

[4] The plea agreement contemplated two statutory enhancements. The first enhancement was for causing death and/or serious bodily injury under 21 U.S.C. § 841(b)(1)(A), and the second enhancement was for having two prior drug felony convictions under 21 U.S.C. §§ 841(b)(1)(A) and 851. (Doc. No. 244, at 3–4; *see also* Doc. No. 1.) As a result of these enhancements, Phelps faced a potential statutory sentence of life imprisonment.

3

history category does not affect his sentence, and he is ineligible for a reduction based on Part A of Amendment 821 concerning "status points." Further, because Phelps is ineligible for a sentence reduction based on the Amendment, the Court need not proceed to the second step of evaluating whether the factors under 18 U.S.C. § 3553(a) justify reducing the sentence.[5]

For the foregoing reasons, defendant's motion to reduce his sentence (Doc. No. 747) is DENIED.

**IT IS SO ORDERED**.

Dated: February 20, 2024

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**

---

[5] Even if the Court proceeded to the second stage of the analysis, and considered the sentencing factors in 18 U.S.C. § 3553(a), the Court would not give Phelps a further sentence reduction than the significant one that he has already received—even under the new advisory guideline calculation. Phelps had a leadership role in a drug trafficking organization ("DTO") responsible for trafficking substantial quantities of dangerous controlled substances, including heroin. Drug trafficking is an inherently dangerous activity, as evidenced by the fact the that the DTO Phelps helped lead is directly responsible for an overdose death. Phelps also has an extensive criminal history that includes prior convictions for drug trafficking, weapons offenses, and crimes of violence. Notwithstanding these facts, he received substantial consideration at sentencing. A further reduction would undermine the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence, and protect the public from further crimes of Phelps. *See* § 3553(a). Based upon these same facts, the Court would have also found that Phelps poses a danger to the community, making early release inappropriate, even if with conditions.